**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00815-REB-BNB

GAROLD B. KRAFT,

     Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, successor in interest to
WASHINGTON MUTUAL BANK, and
BILL WALLACE, SUMMIT COUNTY PUBLIC TRUSTEE,

     Defendants.

---

**ORDER GRANTING MOTION TO DISMISS**

---

**Blackburn, J.**

The matter before me is **JP Morgan Chase Bank, N.A.'s Motion To Dismiss**

[#45] filed June 24, 2010.  I grant the motion.

**I.  JURISDICTION**

I have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question).

**II.  STANDARD OF REVIEW**

Defendant's motion to dismiss raises issues under both Fed. R. Civ. P. 12(b)(1)

and 12(b)(6).  A motion to dismiss for lack of subject matter jurisdiction under Fed. R.

Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  ***Holt***

***v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial attack challenges the

sufficiency of the complaint's allegations of subject matter jurisdiction.  ***Id***.  In reviewing

such a motion, the court must accept the allegations of the complaint as true.  ***Id***.

By contrast, when a defendant, as here, goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint. *Sizova v. National Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002); *Holt*, 46 F.3d at 1003. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003. The consideration of such materials generally does not convert the motion into one for summary judgment, except "where the jurisdictional question is intertwined with the merits of the case" that is, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case." *Sizova*, 282 F.3d at 1324 (quoting *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir.), *cert. denied*, 108 S.Ct. 503 (1987)) (internal quotation marks omitted); *see also Holt*, 46 F.3d at 1003. Stated differently, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).

Therefore, I must determine whether the jurisdictional question is intertwined with the merits such that the motion must be converted into one for summary judgment. Plaintiff's substantive claims rest on construction of federal and state statutes that regulate disclosures and other matters in the making of consumer and residential loans. The jurisdictional question, by contrast, implicates the *Rooker-Feldman* doctrine, a doctrine of general application that bars federal court review of state court judgments under principles of comity, regardless of the substantive law on which they are based.

Because resolution of the jurisdictional issue does not require consideration of any substantive matters implicated by plaintiff's claims, I conclude that the motion should not be converted into a motion for summary judgment.  Nevertheless, I may consider and weigh the evidence presented and make a determination of the factual issues pertinent to jurisdiction.  *See Osborn v. United States*, 918 F.2d 724, 729 (8ᵗʰ Cir. 1990).  The party seeking to invoke the court's jurisdiction bears the burden of establishing that subject matter jurisdiction exists.  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10ᵗʰ Cir. 1994); *Fritz v. Colorado*, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).

Because I find that the 12(b)(1) motion is not wholly dispositive of plaintiff's claims, I consider also plaintiff's alternative motion pursuant to Fed. R. Civ. P. 12(b)(6). In so doing, I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10ᵗʰ Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5ᵗʰ Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10ᵗʰ Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003).  I review plaintiff's Third Amended Complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10ᵗʰ Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955,

1974, 167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some*

plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the

complaint must give the court reason to believe that *this* plaintiff has a reasonable

likelihood of mustering factual support for *these* claims."  *Id.* (emphases in original).[1]

Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may

proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

and that a recovery is very remote and unlikely."  *Dias v. City and County of Denver*,

567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal

quotation marks omitted).

---

[1]  *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

### III.  ANALYSIS

Defendant JP Morgan Chase Bank, National Association ("JP Morgan"), is the successor-in-interest to two mortgage loans plaintiff originally obtained from Washington Mutual Bank ("WaMu") in April and May, 2004.  In connection with each loan, plaintiff executed an Adjustable Rate Note in favor of WaMu and a Deed of Trust securing each of the subject properties.  Plaintiff subsequently defaulted on the loans in April and August, 2009, and the properties were ordered sold.  The District Court of Summit County, Colorado, approved both sales in separate orders December 14 and 28, 2009.

This action followed.  Plaintiff alleges causes of action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*, the Home Owner Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Colorado Consumer Credit Code, §§5-3-106 & 5-3-403, C.R.S., and the Colorado Homestead exemption, §38-41-201, C.R.S.  He requests rescission and seeks monetary damages, an injunction, and declaratory relief. However, plaintiff's claims for rescission are barred under the auspices of the ***Rooker-Feldman*** doctrine.  His claims for statutory and/or actual damages under TILA, HOEPA, and the Colorado Consumer Credit Code are barred by the applicable statutes of limitation.  The remainder of plaintiff's claims fail to state viable causes of action. Accordingly, defendant's motion will be granted.

## A.  *ROOKER-FELDMAN* DOCTRINE

Because a federal court must always first assure itself of its own jurisdiction

before ruling on substantive matters, I will consider defendant's jurisdictional arguments

first.  *See In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 & n.6 (10th Cir. 2004).

Defendant's Rule 12(b)(1) motion implicates the *Rooker-Feldman* doctrine, so

named for the two seminal U.S. Supreme Court cases that first described its contours.

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75

L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.

362 (1923).  The doctrine has its roots in 28 U.S.C. § 1257(a), pursuant to which  "[f]inal

judgments or decrees rendered by the highest court of a State in which a decision could

be had, may be reviewed by the Supreme Court by writ of certiorari."  Implicit in this

grant of jurisdiction is the denial of authority to lower federal courts to review state court

judgments.  *See Rooker*, 44 S.Ct. at 150.  Simply stated,

> [t]he *Rooker-Feldman* doctrine, we hold today, is confined to
> cases of the kind from which the doctrine acquired its name:
> cases brought by state-court losers complaining of injuries
> caused by state-court judgments rendered before the district
> court proceedings commenced and inviting district court
> review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct.

1517, 1521-22, 161 L.Ed.2d 454 (2005); *see also Johnson v. De Grandy*, 512 U.S.

997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (*Rooker-Feldman*

doctrine constrains "a party losing in state court . . . from seeking what in substance

would be appellate review of [a] state judgment in a United States district court, based

on the losing party's claim that the state judgment itself violates the loser's federal

rights").

The doctrine applies both to claims that were actually decided by the state court

and claims that are "inextricably intertwined" with the state court judgment.  ***See***

***Kenmen Engineering v. City of Union***, 314 F.3d 468, 473 (10th Cir. 2002).  To

determine whether a claim is inextricably intertwined with the state court judgment,

> in general we must ask whether the injury alleged by the
> federal plaintiff resulted from the state court judgment itself
> or is distinct from that judgment.  Three related concepts –
> injury, causation, and redressability – inform this analysis.  In
> other words, we approach the question by asking whether
> the state-court judgment *caused*, actually and proximately,
> the *injury* for which the federal-court plaintiff seeks *redress*.

*Id*. at 476 (footnote, internal quotation marks, and citations omitted; emphases in

original).  The analysis should focus on the relief sought, not merely the issues raised.

***Crutchfield v. Countrywide Home Loans & Mortgage Electronic Registration***

***Systems***, 389 F.3d 1144, 1148 (10th Cir. 2004); ***Kenmen Engineering***, 314 F.3d at

476.  In other words, the doctrine applies if plaintiff's "federal claim succeeds only to the

extent that the state court wrongly decided the issues before it." ***Pennzoil Co. v.***

***Texaco, Inc.***, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J.,

concurring).

Given these precepts, courts in this district have held that the ***Rooker-Feldman***

doctrine bars claims for rescission of a mortgage loan under TILA, even if such claim

was not before the state court, so long as the state court already has finally approved

the Public Trustee's sale.  ***See Brode v. Chase Home Finance, LLC***, 2010 WL

2691693 at *5 (D. Colo. July 6, 2010); ***see also Lee v. Imperial Lending, LLC***, 2007

WL 2572267 at *4 (D. Colo. Aug. 20, 2007); **Rohr v. Home Loans Corp.**, 2005 WL 2027684 at *3 (D. Colo. Aug. 22, 2005).  The Summit County District Court approved the sale of the two subject properties in December, 2009.  Plaintiff's claims for rescission pursuant to TILA, thus, are precluded by the **Rooker-Feldman** doctrine.

There is no reason why the result should be any different with respect to plaintiff's claims for rescission under HOEPA, which simply amends TILA and has been treated as part and parcel thereof, **see McDaniel v. Denver Lending Group, Inc.**, 2009 WL 1873581 at *14 (D. Colo. June 30, 2009), or, to the extent they are even cognizable, claims for rescission brought pursuant to RESPA and the Colorado Consumer Credit Code.  Any claim to rescind the underlying contracts, regardless of the statutory authority cited in support thereof, would undermine fundamentally the state court's settled judgment approving the sales of the subject properties.  I, therefore, find and conclude that all such claims are barred under **Rooker-Feldman**.

Nevertheless, the precedent in this district also clearly indicates that "any claims for statutory damages under the TILA and other statutes are not foreclosed, as they do not in any way seek to undo or even impact the state court proceeding involving the foreclosure."  **Brode**, 2010 WL 2691693 at *5 (citing cases).  I, thus, turn to defendant's arguments pursuant to Rule 12(b)(6).

### B.  STATUTES OF LIMITATION

Under both TILA and HOEPA, actions for statutory or actual damages must be brought within one year from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e); **Kruse v. US Bank, N.A.**, 2010 WL 331354 at *2 (D. Colo. Jan. 20, 2010).

Similarly, claims for damages under the Colorado Consumer Credit Code must be brought within one year "after the date of the occurrence of the violation." §5-5-202(5), C.R.S.  Courts have predominantly found the 'date of the occurrence' triggering the limitations period refers to the date of the closing of the loan." *Kruse*, 2010 WL 331354 at *2; *see also Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp.2d 1253, 1257-58 (D. Colo. 2004).  As the subject loans were closed in April and May of 2004, these claims are facially time-barred.

Plaintiff argues, however, that operation of the statute of limitations should be equitably tolled.  TILA claims are subject to equitable tolling.  *Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706-07 (10th Cir. Oct. 9, 2008), and I will assume *arguendo* that claims under the Colorado Consumer Credit Code are as well.  Nevertheless, where a claim is untimely on its face, plaintiff bears a heavy burden of demonstrating a viable basis for tolling.  *McDaniel v. Denver Lending Group, Inc.*, 2009 WL 1873581 at *15 (D. Colo. June 30, 2009).  Equitable tolling is limited to "rare and exceptional circumstances" *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003), and thus "is only available when [litigants] diligently pursue [their] claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond [their] control," *Heil*, 298 Fed. Appx. at 707 (internal citation and quotation marks omitted; alterations in original).

Plaintiff has failed to sustain this burden.  Nothing in the Third Amended Complaint sets forth facts that suggest such extraordinary circumstances as would justify equitable tolling.  Although plaintiff cites the district court's decision in *Gonzalez*

*v. Ameriquest Mortgage Co.*, 2004 WL 2472249 (N.D. Cal. March 1, 2004), his Third Amended Complaint fails to allege anything even remotely analogous to the facts of that case.  *See id.* at \*5 (applying equitable tolling to TILA claims where plaintiff alleged that defendants knew she spoke only Spanish but never provided her loan documents translated into Spanish).  Plaintiff's allegation that he "made these loans without a clear understanding of the documentation or exactly what he was getting into" (**Third Am. Compl. ¶ 27**), is insufficient to invoke equitable tolling.  *See McDaniel*, 2009 WL 1873581 at \*15.

Moreover, plaintiff's decidedly vague and conclusory allegations that unspecified material disclosures allegedly required by TILA and/or HOEPA were not provided to him are insufficient to create plausible, rather than merely speculative, claims for relief.  *See Robbins*, 519 F.3d at 1247.  Plaintiff's passing reference to offsets and recoupment, concepts which apply only in defense of a creditor's claim and find no support in the Third Amended Complaint in any event, likewise is insufficient to demonstrate a viable claim outside TILA's one-year statute of limitations. *See  Beach v. Ocwen Federal Bank*, 523 U.S. 410, 415, 118 S.Ct. 1408, 1411, 140 L.Ed.2d 566 (1998) ("[A] defendant's right to plead 'recoupment,' a 'defense arising out of some feature of the transaction upon which the plaintiff's action is grounded,' . . . survives the expiration" of imitations period) (citation omitted); *In re Community Bank of Northern Virginia*, 418 F.3d 277, 305 (3rd Cir. 2005) ("No statute of limitations applies to a borrower asserting a violation of TILA or HOEPA as a defense (by recoupment or set-off) in a foreclosure action."). *But see Ortiz v. Accredited Home Lenders, Inc.*, 639 F.Supp.2d 1159, 1164

(S.D. Cal. 2009) (noting that "section 1640(e) of TILA makes recoupment available only as a 'defense' in an 'action to collect a debt'").

For these reasons, defendant's motion to dismiss the TILA, HOEPA, and Colorado Consumer Credit Act claims for actual and/or statutory damages must be granted.

## C. OTHER ARGUMENTS

Plaintiff claims also that he was not provided certain disclosures required by RESPA and its associated regulations. However, there is no private right of action under the sections of the statute requiring these disclosures. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir.) (section 2604(c) of RESPA), *cert. denied*, 117 S.Ct. 2528 (1997); *Levy v. JP Morgan Chase*, 2010 WL 4641033 at *4 (S.D. Cal. Nov. 5, 2010) (section 2603); *Martin v. Citimortgage*, 2010 WL 3418320 at * 6 (N.D. Ga. Aug. 3, 2010) (section 2604(d)), *approved and adopted*, 2010 WL 3418322 (N.D. Ga. Aug. 25, 2010). In the absence of any legal argument or authority, the fact that plaintiff's "[c]ounsel believes that RESPA has a private right of action" (Plf. Resp. at 3) is no answer to such well-settled precedent. These claims, therefore, will be dismissed.

Plaintiff presents no conceivable basis for his claim that the Colorado homestead laws, §38-41-201, C.R.S., require defendant to explain or disclose anything to him (*see* **Third Am. Compl.** ¶ 56), much less that they create a claim for damages, rescission, or any other private remedy for such an imagined violation. This claim also will be dismissed for failure to state a cognizable cause of action.

Finally, and inevitably, plaintiff's claims for declaratory and injunctive relief do not survive my resolution adverse to the substantive claims on which they are premised. Defendant's motion as to these claims likewise will be granted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **JP Morgan Chase Bank, N.A.'s Motion To Dismiss** [#45] filed June 24, 2010, is **GRANTED**;

2.  That plaintiff's claims against defendant, JP Morgan Chase Bank, National Association, successor in interest to Washington Mutual Bank, are **DISMISSED** in their entirety; and

3.  That JP Morgan Chase Bank, National Association, is **DROPPED** as a named party to this action, and the case caption is **AMENDED** accordingly.

Dated November 23, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackbum
United States District Judge

12